UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RICHARD ALAN STARR,            ) | |
| )                                                   | |
| Plaintiff,                   ) | |
| vs.                                              ) | 1:10-cv-0690-SEB-WGH |
| )                                                   | |
| 2nd MARSHAL PRESENT ON June 5, 2008,  ) | |
| et al.,                                         ) | |
| )                                                   | |
| Defendants.              ) | |

**Entry and Order Directing Dismissal of Action**

**I.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court is to dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Plaintiff Richard Starr sought and has been granted leave to proceed *in forma pauperis.* Accordingly, his complaint is subject to the screening process described above.

**II.**

**A.**

Legally insufficient claims include those which fail to state a claim upon which relief can be granted, and such claims are those which lack facial plausibility. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plaintiff is proceeding without counsel, meaning that his allegations are given a liberal construction by the court. *Haines v. Kerner,* 404 U.S. 519, 520 (1972) (holding that a pro se litigant's allegations are held to a more lenient standard than those of an attorney). Despite this liberal construction, "[a]t a minimum, a complaint must contain facts sufficient to state a claim as a matter of law." *Hickey v. O'Bannon,* 225 F.3d 656, 657 (7th Cir. 2002)(citing *Fries v. Helsper,* 146 F.3d 452, 457 (7th Cir. 1998)).

**B.**

The plaintiff resides in Alexandria, Indiana and alleges that on June 5, 2008, a named and an unnamed Deputy United States Marshal for this district denied him equal protection of the law in violation of various amendments to the United States Constitution. The plaintiff seeks the appointment of counsel, the award of unspecified punitive damages, unspecified injunctive relief, vindication of his civil rights, and that his record be "abolish[ed]."

By suing federal officers, the plaintiff invokes the theory recognized in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), rather than 42 U.S.C. § 1983, but this distinction is of no moment here. In either event, the deprivation of a federally secured right is essential. *Goulding v. Feinglass,* 811 F.2d 1099, 1102 (7th Cir. 1987). The totality of the plaintiff's account of the incident supporting his claim is the following:

> U.S. Marshal Brian Aldridge and 2nd Marshal present after Plaintiff had life threatened with knife denied equal protection of law.

This account suggests at most that the defendants failed to take measures sought by or agreeable to the plaintiff after his life had been threatened. Starr's claims falter at this point, even when liberally construed, because "[t]he government need not provide services, and . . . if it does provide services it need not provide them competently." *Archie v. City of Racine,* 847 F.2d 1211, 1215 ( 7th Cir. 1988), *cert. denied,* 489 U.S. 1065 (1989); *see also Bowers v. DeVito,* 686 F.2d 616, 618 (7th Cir. 1982)("The Constitution is a charter of negative liberties; it tells the state to let people alone; it does not require the federal government or the state to provide services, even so elementary a service as maintaining law and order."). Government agents may be liable for affirmative conduct placing a party in a danger of the government's creation, but that duty is created only when "the State has so restrained the liberty of the individual that it renders him unable to care for himself" or when the State "cause[s] or greatly increase[s] the risk of harm to its citizens . . . through its own affirmative acts," *DeShaney v. Winnebago County Dep't of Soc. Servs.,* 489 U.S. 189, 200 (1989), which is most certainly not the situation here.

**III.**

Neither under § 1983 nor any of the other statutes relied on in his complaint has Starr presented a claim which is plausible on its face. Because the complaint fails to state a claim upon which relief can be granted, therefore, the action is dismissed. The plaintiff's request for the appointment of counsel (dkt 1) is **denied.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/29/2010

*[signature]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana